15-2210
*Hernandez v. Barr*

BIA
Vomacka, IJ
A073 644 702
A200 816 645/650/651

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand nineteen.

PRESENT:
>         DENNIS JACOBS,
>         DEBRA ANN LIVINGSTON,
>         DENNY CHIN,
>                 *Circuit Judges.*

_____

VIDAL A. HERNANDEZ, JOSE VIDAL HERNANDEZ-CLAROS, MARIA DEL ROSARIO HERNANDEZ-CLAROS, ROSARIO CLAROS-de HERNANDEZ,
>                 *Petitioners,*

>         v.                                    15-2210
>                                               NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
>                 *Respondent.*

_____

FOR PETITIONERS:          Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:** Chad A. Readler, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Madeline Henley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lead petitioner Rosario Claros-de Hernandez ("Hernandez"), her husband Vidal A. Hernandez, and their children Jose Vidal Hernandez-Claros and Maria del Rosario Hernandez-Claros, natives and citizen of El Salvador, seek review of a June 30, 2015, decision of the BIA affirming a November 6, 2013, decision of an Immigration Judge ("IJ") denying Hernandez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Vidal A. Hernandez, et al.,* Nos. A073 644

---

[1] In 2013, Vidal Hernandez's removal proceedings were consolidated with his wife's and children's proceedings. He and the children proceeded only as derivative applicants on Hernandez's asylum application. *See* 8 U.S.C. § 1158(b)(3).

2

702, A200 816 645/650/651 (B.I.A. June 30, 2015), *aff'g* No. A073 644 702, A200 816 645/650/651 (Immig. Ct. N.Y. City Nov. 6, 2013).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, reaching only the nexus determination and denial of CAT relief.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  We +assume Hernandez's credibility because although the IJ expressed concerns, there is no explicit adverse credibility ruling and the BIA did not discuss credibility.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005).  We review the agency's legal conclusions de novo and its factual findings under the substantial evidence standard.  *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

**Asylum & Withholding of Removal.**  For asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution.  8 U.S.C.

3

§§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding); *Matter of C-T-L*, 25 I. & N. Dec. 341, 346 (B.I.A. 2010) (holding that the "one central reason" standard also applies to withholding of removal).  "Courts review *de novo* the legal determination of whether a group constitutes a 'particular social group' under the INA." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).  To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Paloka*, 762 F.3d at 195-97.

The agency did not err in concluding that Hernandez failed to demonstrate that she was persecuted on account of her membership in a cognizable social group.  Although she checked a box on her asylum application to indicate that she was seeking relief based on her membership in a particular social group, she did not articulate a proposed social group or any other protected ground before the agency.  She now argues that she was threatened by MS-13

4

gang members based on her membership in a particular social group of "people that refused to acquiesce to gang threats." Petitioner's Br. at 9-10. However, "a particular social group cannot be defined exclusively by the claimed persecution, . . . it must be recognizable as a discrete group by others in the society, and . . . it must have well-defined boundaries." *Matter of M-E-V-G-,* 26 I. & N. Dec. at 232 (internal quotation marks omitted)). Hernandez alleged fear of criminal activity by gangs without alleging that they had targeted her for any particular reason: "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (rejecting proposed social group of "wealthy Guatemalans"). Harm suffered as a result of "general crime conditions" does not constitute persecution on account of a protected ground. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999).

**CAT Relief.** There is no nexus requirement for CAT relief. "[T]he CAT expressly prohibits the United States from returning any person to a country in which it is more likely than not that he or she would be in danger of being subjected to torture." *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004) (internal quotation marks omitted). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Acquiescence, in turn, "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7). The applicant has the burden of proving that torture is "more likely than not" to occur. *Id.* § 1208.16(c)(2).

The country conditions evidence and Hernandez's own description of the response to her extortion complaint reflect that the Salvadoran government is not acquiescent

6

or complicit. The local prosecutor's office assigned an investigator to her case and requested that she help the authorities by delivering counterfeit money, but Hernandez declined to participate because she feared the gang members would retaliate against her. She also did not provide the authorities with her persecutor's full name or nickname. As the country conditions evidence reflects, the government is acting to combat gang violence and extortion, including criminal conduct run by gang members in prisons, albeit with limited success. The record therefore does not compel the conclusion that Salvadoran authorities are likely to acquiesce in any harm Hernandez faces from MS-13 or other gangs. *See* 8 U.S.C. § 1252(b)(4)(B) ("The administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

7

for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court